UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


TADEO ORTIZ,                         :
        Plaintiff                    :
                                     :
    v.                               :   CIVIL NO.3:CV-04-2210
                                     :
                                     :   (Judge Conaboy)
MR. REED, ET AL.,                    :
        Defendants                   :
_____

## MEMORANDUM AND ORDER
### Background

Tadeo Ortiz, an inmate presently confined at the Rockview

State Correctional Institution, Bellefonte, Pennsylvania (SCI-

Rockview), initiated this pro se civil rights action pursuant to

42 U.S.C. § 1983.  Service of the complaint was previously

ordered.

Named as Defendants are the following officials at

Plaintiff's prior place of confinement, the Smithfield State

Correctional Institution, Huntingdon, Pennsylvania (SCI-

Smithfield): Food Service Supervisor Ryan Reed; Grievance

Coordinator Lisa Hollibaugh; Superintendent Ben Varner and Nurse

Jane Doe.  Ortiz is also proceeding against Grievance Review

Officer Tshanna Kyler of the Pennsylvania Department of

Corrections (DOC).

Plaintiff states that on April 12, 2003, he was working in

the SCI-Smithfield bakery when he sustained serious injuries.

1

Specifically, Ortiz asserts that while loading an oven with bread, "the oven blew up" causing an electrical charge to be sent through his body.  Doc. 1, ¶ 9.  Plaintiff indicates that he suffered severe internal burns, nerve damage, and anxiety which prevents him from relaxing and sleeping.  His complaint contends that his injuries were caused by "defendants violation of safety code regulations." Id. at ¶ 21.

Ortiz acknowledges that following the accident he was rushed to the prison's medical department for treatment.  However, his second claim maintains that despite his severe injuries, Nurse Jane Doe refused to allow him to be seen by either a physician or a specialist and thereby violated his constitutional rights.

The complaint next alleges that Defendants Hollibaugh and Varner abused their authority by refusing to process his institutional grievance.  He further claims that Defendants Reed and Varner subjected him to a retaliatory transfer on April 21, 2004 "to escape liability" for the denial of adequate medical care.[1]  Id. at ¶ 17.  Plaintiff's final contention asserts that Defendant Kyler likewise frustrated his attempt to obtain administrative relief by rejecting his grievance appeal.  His complaint seeks injunctive and declaratory relief as well as compensatory and punitive damages.

_____

[1]  On said date, Plaintiff was transferred from SCI-Smithfield and eventually placed at SCI-Rockview.

2

On January 18, 2005, Defendants, with the exception of Nurse Jane Doe, filed a motion to dismiss the complaint.  After being granted an enlargement of time, a supporting brief and exhibits were submitted on March 3, 2005.  In April and June, 2005, Oritz filed brief one sentence letters seeking information regarding his case.  In response to those letters, Plaintiff was sent copies of the docket report.  The docket reports clearly indicated that a motion to dismiss had been filed.

A copy of this Court's Standing Practice Order which was sent to the Plaintiff on October 13, 2004, advised him of his responsibility to file an opposing brief and the consequences if he failed to do so.  Despite the above notices and warning, Oritz has neither submitted an opposing brief nor sought an enlargement of time in which to oppose the motion to dismiss. Consequently, the motion to dismiss will be deemed unopposed. This matter is ripe for consideration.

### Discussion

Defendants seek dismissal of the complaint on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) the claims against the Defendants in their official capacities are barred by the Eleventh Amendment; (3) the Plaintiff's transfer was constitutional; and (4) a viable claim of deliberate indifference has not been stated.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations.

3

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them."  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendants' unopposed motion in light of the standards set forth

4

above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Eleventh Amendment**

The initial argument raised by the Defendants is that the portion of Ortiz's action which seeks monetary relief against them in their official capacities must be dismissed under the Eleventh Amendment.  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"[C]laims for money damages against the prison officials in their official capacity are claims for retroactive relief and hence are barred by the Eleventh Amendment." Doe v. Wagginton, 21 F.3d 733 (6th Cir. 1994) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Court of Appeals for the Third Circuit in Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981), similarly concluded that an "action in federal court for damages or back pay against a state official acting in his official capacity is barred because such retrospective relief necessarily depletes the state treasury."  Pursuant to the above discussion, Plaintiff's claims to the extent that they seek monetary compensation from the Defendants in their official capacities are clearly barred by the Eleventh Amendment and will be dismissed.

**Transfer**

5

Defendants next argue that the Plaintiff's contentions regarding his transfer from SCI-Smithfield to SCI-Rockview do not set forth an actionable claim of retaliation.  Specifically, they indicate that Ortiz has failed to allege that there was no legitimate reason for his transfer.

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983).  In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Id. at 242.

On the same day, the Supreme Court decided the seminal case of Meachum v. Fano, 427 U.S. 215, 216, reh'g denied, 429 U.S. 873 (1976), holding that no liberty interest under the Due Process Clause of the Fourteenth Amendment is infringed upon when an inmate is transferred, with or without a hearing, to another state correctional institution with substantially less favorable conditions.  The Court added that where the state does not provide a liberty interest in being housed at a particular institution, prison officials may transfer an inmate "for whatever reason or for no reason at all." Meachum, 427 U.S. at 228.  Pennsylvania law leaves the housing of inmates in

particular institutions to the discretion of state officials.
See 37 Pa. Code § 93.11(a); Hannon v. Terra, 1995 WL 129219 at
*11 (E.D. Pa. 1995).  Accordingly, an inmate can only state a
claim if a transfer was made for some constitutionally
impermissible reason such as retaliation against the prisoner's
exercise of constitutionally protected rights.  See, e.g.,
Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989).

    "Retaliation for the exercise of a constitutional right is
itself a violation of rights secured by the Constitution."
White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v.
Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner
litigating a retaliation claim need not prove that he had an
independent liberty interest in the privileges that he was
denied, only that the challenged actions were motivated in
substantial part by a desire to punish him for the exercise of a
constitutional right).

    In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third
Circuit held that a prisoner must prove that the conduct which
led to the alleged retaliation was constitutionally protected.
If the prisoner satisfies that requirement he must then show he
suffered some "adverse action" at the hands of prison officials.
Id.  Allah defined adverse action as being "sufficient to deter
a person of ordinary firmness from exercising his
[constitutional] rights."  Allah, 229 F.3d at 225.

    Under a liberal reading of the pro se complaint, it appears

7

that Ortiz is claiming that he was subjected to a retaliatory transfer in order to thwart his attempts to obtain administrative relief.   It is well settled that prisoners have a constitutional right of access to the courts. Plaintiff's contention that he was transferred in order to prevent him from completing the administrative grievance process – – a prerequisite to pursuing a § 1983 claim in federal court, sufficiently sets forth a claim that his transfer was in retaliation for his participation in a constitutionally protected activity, namely, his right of access to the courts. Thus, Oritz's retaliation claim satisfies the requirements of <u>Rauser</u>.

Based on an application of the standards announced in <u>Jackson</u> to Ortiz's allegations, it is the conclusion of this court that his present assertion that he was subjected to a retaliatory transfer is sufficient to withstand the Defendants' motion to dismiss.


**<u>Exhaustion</u>**

Defendants argue that because Plaintiff has not properly "filed any grievances to final review", his complaint should be dismissed for failure to satisfy the exhaustion of administrative remedies requirement.  Doc. 15, p. 7.  They acknowledge that a grievance relating to his medical care was submitted for final review.  However, the grievance was

8

dismissed for procedural error and never properly refiled. Their supporting brief adds that Plaintiff never initiated an administrative grievance regarding his alleged retaliatory transfer.

It is also alleged that Ortiz has repeatedly ignored the DOC's procedural requirements regarding the administrative remedy procedure.  Furthermore, despite being granted additional time, the Plaintiff has repeatedly failed to correct his procedural errors.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims for monetary relief are not excused from the exhaustion requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action.  Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).  "[E]xhaustion must occur

prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense. See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. Id.; Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

With respect to the Plaintiff's claims of inadequate medical treatment, the DOC has established a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective January 1, 2001). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility

Manager; and a final written appeal may be presented to the Secretary's Office of Inmate Grievances and Appeals.

A prisoner, in seeking review through the grievance system, may include "a reasonable request for compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued May 1, 2002.) Furthermore, a grievance must be submitted for initial review to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claim is based. Allowances of extensions of time for submission of a grievance may be granted under certain circumstances.

A review of the undisputed record shows that the Plaintiff filed an administrative grievance on May 8, 2003 which included claims that the oven explosion constituted reckless endangerment and a violation of DOC safety rules as well as his claim of being denied adequate medical treatment. This grievance, which was filed after Plaintiff was relocated to SCI-Rockview, did not raise any claim of a retaliatory transfer. See Doc. 16, Exhibit 2.

On May 20, 2003, the grievance was rejected as being untimely and for failure to attach a copy of the response to his informal resolution attempt. By notice dated June 11, 2003, SCI-Smithfield Superintendent Varner denied Plaintiff's appeal. See id. Oritz's subsequent request for appeal to final review was rejected because the prisoner failed to include a copy of his appeal to the Superintendent.

11

Defendants have clearly satisfied their burden under
<u>Williams</u> of establishing that Oritz's allegation relating to a
retaliatory transfer was not administratively exhausted.  Since
Plaintiff has not adequately demonstrated any proper basis as to
why he should be excused from the exhaustion requirement,
dismissal of that claim under § 1997e(e) is appropriate.

Plaintiff's remaining claims were included in his
aforementioned institutional grievance.  Ortiz's complaint
indicates that his grievance was in fact timely filed at SCI-
Rockview.  <u>See</u> Doc. 1, ¶ 14.  Plaintiff was allegedly injured on
April 12, 2003.  Eight (8) days later he was transferred to SCI-
Rockview.  His grievance is clearly dated May 8, 2003.  <u>See</u> Doc.
16, Exhibit 2.  Since the grievance was not submitted for
initial review within fifteen (15) days after the underlying
April 12, 2003 incident, it was untimely under DOC regulations
and properly denied on that basis.

Based on his failure to file an opposing brief to the
motion to dismiss, the Plaintiff has not made an argument that
he should be excused from the exhaustion requirement.
Nonetheless, his complaint clearly alleges that some of the
Defendants took steps, including arrangement of his transfer, to
prevent exhaustion of his grievance regarding the purported
constitutional misconduct which took place at SCI-Smithfield.
Viewing the record in a light most favorable to Ortiz, the
averments regarding non-compliance of the exhaustion requirement

12

which are set forth in the complaint are sufficient at this
juncture to deny Defendants' non-exhaustion argument with
respect to the remaining claims.

**Medical Treatment**

Defendants' fourth argument contends that Plaintiff's
conclusory assertion that he was not provided with adequate
medical care does not set forth a viable claim under the Eighth
Amendment.  Pursuant to the Supreme Court's decision in <u>Estelle</u>
<u>v. Gamble</u>, 429 U.S. 97 (1976), an inmate plaintiff must
demonstrate that prison officials have breached the standard of
medical treatment to which he was entitled.  The government has
an "obligation to provide medical care for those whom it is
punishing by incarceration."  <u>Id.</u> at 103.  However, a
constitutional violation does not arise unless there is
"deliberate indifference to serious medical needs of prisoners"
which constitutes "unnecessary and wanton infliction of pain."
<u>Id</u>. at 104 (citation omitted).  A later decision by the Supreme
Court established that the proper analysis for deliberate
indifference is whether a prison official "acted or failed to
act despite his knowledge of a substantial risk of serious
harm."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994).

Thus, a complaint that a physician or a medical department
"has been negligent in diagnosing or treating a medical
condition does not state a valid claim of medical mistreatment
under the Eighth Amendment [as] medical malpractice does not

become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.

The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.  However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

A review of his complaint establishes that following the accident, Plaintiff was promptly taken to the prison's medical department for treatment.  Oritz seeks to establish liability against Nurse Doe, a medical defendant, due to her failure to refer him to either a physician or a specialist.  Based on an application of the standards announced in Farmer, Estelle and Durmer, it is clear that the Plaintiff's allegation regarding Nurse Doe is sufficient to set forth a § 1983 claim of deliberate indifference.  However, none of the remaining

Defendants are identified as being members of the prison medical staff.  There are also no allegations that any of those officials were responsible for any decisions regarding the treatment provided to Plaintiff.  The complaint also contains no assertions that those employees were responsible for any delays in prescribed treatment.  Consequently, Defendants' argument with respect to the claim of deliberate indifference to his medical needs will be granted with exception of the claims asserted against Nurse Jane Doe.

Finally, John/Jane Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." <u>Johnson v. City of Erie</u>, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them.  <u>Scheetz v. Morning Call, Inc.</u>, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

Based on this Court's review of the record, although this action was filed over eleven (11) months ago, Plaintiff has not yet provided this court with the identity of the Jane Doe defendant.  Thus, Plaintiff will be granted thirty (30) days from the date of this order in which to properly provide the name of Nurse Jane Doe.  If Ortiz fails to timely identify the

remaining Defendant, she shall be dismissed from this action
under the authority of <u>Scheetz</u>.

**Failure to Protect**

A plaintiff, in order to state an actionable civil rights
claim, must plead two essential elements:  (1) that the conduct
complained of was committed by a person acting under color of
law, and (2) that said conduct deprived the plaintiff of a
right, privilege, or immunity secured by the Constitution or
laws of the United States.  <u>Groman v. Township of Manalapan</u>, 47
F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920
F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of
<u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207
(3d Cir. 1988).  Rather, each named defendant must be shown, via
the complaint's allegations, to have been personally involved in
the events or occurrences which underlie a claim.  <u>See</u> <u>Rizzo v.
Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison
Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have
> personal involvement in the alleged wrongs. . . .
> [P]ersonal involvement can be shown through
> allegations of personal direction or of actual
> knowledge and acquiescence.  Allegations of
> participation or actual knowledge and
> acquiescence, however, must be made with
> appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

In <u>Farmer</u>, the Supreme Court described the standard for

determining deliberate indifference as follows:

> [A] prison official cannot be found liable under
> the Eighth Amendment ... unless the official
> knows of and disregards an excessive risk to
> inmate health or safety; the official must be
> aware of facts from which the inference could be
> drawn that a substantial risk of serious harm
> exists, and he must also draw the inference.

Farmer, 511 U.S. at 837.  Thus, to succeed on such a claim, the

prisoner must show: (1) that he was incarcerated under

conditions posing a substantial risk of serious harm; (2) that

the defendant was "aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists"; (3)

that the defendant actually drew this inference; and (4) that

the defendant deliberately disregarded the apparent risk.  Id.

at 837.

Based on a review of the complaint, there are no

allegations that any of the named Defendants were responsible

for the day to day operations in the prison bakery.  There are

also no claims that any of the Defendants had knowledge that use

of the oven posed a potential threat to the Plaintiff's safety.

Furthermore, Plaintiff may not establish liability against the

Defendants on the basis of their supervisory positions.

Consequently, the complaint, to the extent that it asserts

a claim that there was deliberate indifference by the named

defendants with regards to the maintenance and/or use of the

oven, will be dismissed.  An appropriate Order will enter.

17

AND NOW THIS 22nd DAY OF SEPTEMBER, 2005, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 12 )is granted in part.

2. Plaintiff's claim of being subjected to a retaliatory transfer is dismissed for failure to exhaust available administrative remedies.

3. The claims for monetary damages against the Defendants in their official capacities are barred by the Eleventh Amendment.

4. Plaintiff's remaining allegations are dismissed for failure to state a claim with exception of his allegation of deliberate indifference to his medical needs by Nurse Jane Doe.

5. If Plaintiff fails to identify the Jane Doe defendant with in thirty (30) days of the date of this Order, the claims against the remaining Defendant will be dismissed.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

18