UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| TADEO ORTIZ, | : | |
|      Plaintiff | : | |
| | : | |
|   v. | : | CIVIL NO.3:CV-04-2210 |
| | : | |
| | : | (Judge Conaboy) |
| MR. REED, ET AL., | : | |
|      Defendants | : | |

_____

**MEMORANDUM**
**Background**

This pro se civil rights action pursuant to 42 U.S.C. §
1983 was filed by Tadeo Ortiz during his prior confinement at
the Rockview State Correctional Institution, Bellefonte,
Pennsylvania (SCI-Rockview).[1]  Named as Defendants are the
following officials at the Smithfield State Correctional
Institution, Huntingdon, Pennsylvania (SCI-Smithfield):  Food
Service Supervisor Ryan Reed; Grievance Coordinator Lisa
Hollibaugh; Superintendent Ben Varner and Nurse Jane Doe.  Ortiz
is also proceeding against Grievance Review Officer Tshanna
Kyler of the Pennsylvania Department of Corrections (DOC).

By Memorandum and Order dated September 22, 2005, the
Defendants' motion to dismiss was granted in part.
Specifically, Plaintiff's claim of being subjected to a
retaliatory transfer was dismissed for failure to exhaust

---

[1] The Plaintiff is no longer incarcerated.

1

administrative remedies; the claims against the Defendants in their official capacities were deemed to be barred by the Eleventh Amendment; and the remainder of Ortiz's complaint was dismissed for failure to state a claim with the exception of his allegation that Nurse Jane Doe was deliberately indifferent to his medical needs.

On May 19, 2006, this Court denied Plaintiff's request that this matter be stayed pending exhaustion of administrative remedies (Doc. 26).  However, Oritz's motion requesting leave to file an amended complaint was granted.  The relevant time period has passed and an amended complaint has not been submitted.

## **Discussion**

As a result of this Court's September 22, 2005 Memorandum and Order, the Plaintiff's only surviving claim was his allegation that SCI-Smithfield Nurse Jane Doe was deliberately indifferent to his medical needs.  The Memorandum and Order additionally granted Ortiz thirty (30) days in which to identify the Jane Doe Defendant and forewarned the Plaintiff that failure to do so would result in dismissal of the claims against the remaining Defendant.

In response, the Plaintiff filed a motion requesting leave to file an amended complaint.  The motion was granted on May 19, 2006 and Ortiz was granted fifteen (15) days in which to file an amended complaint which "states his remaining claim in a clear and concise manner; identifies the Jane Doe Defendant, and

specifies the relief he is seeking.  <u>See</u> <u>Salahuddin v. Cuomo</u>,

861 F.2d 40 (2d Cir. 1988)."  Doc. 32, p. 3.  The Order

forewarned Plaintiff that failure to timely submit an

appropriate amended complaint or otherwise respond would result

in dismissal of his action for failure to prosecute.  <u>See</u> <u>id</u>. at

p. 4.

　　　The relevant time period established by the May 19, 2006

Order has passed and Ortiz has not submitted an amended

complaint nor sought an enlargement of time in which to do so.

Failure to prosecute an action may warrant dismissal under

Federal Rule of Civil Procedure 41(b), which in pertinent part,

provides:

> For failure of the plaintiff to prosecute or to comply with
> these rules or any Order of Court, a defendant may move for
> dismissal of an action or of any claim against the
> defendant.  Unless the Court in its Order for dismissal
> otherwise specifies, a dismissal under this subdivision ...
> operates as an adjudication on the merits.

　　　In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d

863, 868 (3d Cir. 1984), the Court of Appeals for the Third

Circuit instructed the district court to consider six (6)

factors in considering whether to dismiss a complaint with

prejudice where the plaintiff's counsel failed to conduct

discovery and file a pre-trial statement within deadlines set by

the Court: (1) extent of the party's personal involvement; (2)

prejudice to the opposing party by the dilatoriness; (3) whether

a history of dilatoriness existed; (4) whether the dilatoriness

3

was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).  Based on the Plaintiff's failure to identify the remaining Defendant, Nurse Jane Doe, since the initiation of this action in October, 2004, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's May 19, 2006 Order is deemed a failure to prosecute and his action is hereby dismissed, with prejudice.  An appropriate Order will enter.

S/Richard P. Conaboy
United States District Judge

DATED: JUNE 7, 2006

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


|                        | :  |                          |
|------------------------|----|--------------------------|
| TADEO ORITZ,           | :  |                          |
|    Plaintiff | : |                    |
|                        | :  |                          |
|   v.         | :  | CIVIL NO.3:CV-04-2210    |
|                        | :  |                          |
|                        | :  | (Judge Conaboy)          |
| MR. REED, ET AL.,      | :  |                          |
|    Defendants | : |                     |

**ORDER**

AND NOW THIS 7th DAY OF JUNE, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's failure to respond to the Order of May 19, 2006, is deemed a failure to prosecute this action.

2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, with prejudice.

3. The Clerk of Court shall close this case.

4. Any appeal from this order will be deemed frivolous, without probable cause and not taken

S/Richard P. Conaboy
United States District Judge